JUDGE BAER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: 7545
DATE FILED: 09·21·09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

CHS EUROPE S.A.,

                         Plaintiff,           09 Civ.

                v.

ASHRAF EL ATTAL, LOGISTICA LTD.,
LOGISTICA HOLDING LTD., LOGISTICA
HOLDING LTD. GENEVA and EGYPTIAN
TRADERS CO.,

                        Defendants

**ORDER DIRECTING CLERK TO
ISSUE PROCESS OF MARITIME
ATTACHMENT AND
GARNISHMENT AND
APPOINTING PROCESS SERVER**

------------------------------------------------------------x

**WHEREAS,** on ~~March~~ *August 28, 2009*, Plaintiff, CHS EUROPE S.A., filed a Verified

Complaint in the captioned action seeking damages of **US $124,828.48** inclusive of interest,

costs and reasonable attorneys' fees, and praying for issuance of Process of Maritime Attachment

and Garnishment pursuant to Rule B of the Supplemental Admiralty Rules for Certain Admiralty

and Maritime Claims of the Federal Rules of Civil Procedure; and,

**WHEREAS,** the Process of Maritime Attachment and Garnishment would command that

the United States Marshal or other designated process server attach any and all of ASHRAF EL

ATTAL's property within the District of this Court; and,

**WHEREAS,** the Court has reviewed the Verified Complaint and the Supporting

Affidavit of James D. Kleiner dated August 28, 2009 and finds that the conditions of

Supplemental Admiralty Rule B appear to exist, and

**WHEREAS,** Plaintiff has moved for an Order pursuant to Fed.R.Civ.P. 4(c) appointing

employees of Hill, Betts & Nash LLP, or any other person appointed by Hill, Betts & Nash LLP

who is over 18 years of age and is not a party to this action, to serve Process of Maritime

Attachment and Garnishment in this matter, and it appearing that such appointment will result in substantial economies in time and expense, it is hereby

**ORDERED,** that Process of Maritime Attachment and Garnishment shall issue against all tangible or intangible property belonging to, claimed by or being held for the Defendant **Ashraf El Attal**, whether jointly or separately, by any garnishee identified in Schedule A to this order, upon whom a copy of the Process of Maritime Attachment and Garnishment may be served, including but not limited to electronic fund transfers originated by, payable to, or otherwise for the benefit of Defendant **Ashraf El Attal**, whether jointly or separately, in an amount of up to **US $124,828.48**, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure; and, it is further,

**ORDERED,** that any person claiming an interest in any property attached or garnished pursuant to this Order shall, upon application to the Court, be entitled to a prompt hearing at which the Plaintiff shall be required to show why the attachment and garnishment should not be vacated; and it is further,

**ORDERED,** that any person at least 18 years of age and not a party to this action appointed by Plaintiff's counsel, Hill, Betts & Nash LLP, be and hereby is appointed to serve this Order and Process of Maritime Attachment and Garnishment on any garnishee identified in Schedule A to this Order and on such additional garnishees as so permitted herein; and it is further,

**ORDERED,** that supplemental process specifying other or additional garnishees and enforcing the Court's Order may be issued by the Clerk without further Order of the Court; and it is further,

2

**ORDERED,** that initial service by the United States Marshal or other designated process server shall be made personally upon each garnishee, provided however that, pursuant to Federal Rule of Civil Procedure 5(b)(2)(E) and/or (F), any garnishee may consent in writing to accept such service by other means, including facsimile, e-mail, or other verifiable electronic means. The consent of the garnishee may be manifested in the garnishee's rules, policies or other instructions regarding service.  Service shall be deemed made within the District if a natural person within the District causes the service to be transmitted to a garnishee having an office within the District; and it is further,

**ORDERED,** that a copy of this Order be attached to and served with the Process of Maritime Attachment and Garnishment upon each garnishee; and it is further,

**ORDERED,** that service on any garnishee as described above is deemed continuous throughout the day, from the time of such service through the opening of the garnishee's business on the next business day; and it is further,

**ORDERED,** that following initial service by the United States Marshal or other designated process server upon each garnishee, supplemental service of the Process of Maritime Attachment and Garnishment, as well as this Order, may be made by way of facsimile transmission or e-mail to a fax number or e-mail address designated by the garnishee for that purpose or by other means consented to by the garnishee pursuant to Fed. R. Civ. P. 5(b)(2)(E) and/or (F); and it is further,

**ORDERED,** that this Order shall automatically expire 120 days from the date of its issuance, except that the Order shall not expire in respect of any funds attached during that period.  Moreover, this Order may be extended for up to an additional 90 days upon a showing of good cause by plaintiff, provided that where at least some funds have been attached within the

first 90 days such extension shall be freely given.  Such application for an extension may be made by letter application.  Further 90-day extensions may be granted in the discretion of the Court, but only upon a showing by plaintiff of extraordinary circumstances; and it is further,

**ORDERED**, that in the event funds are attached pursuant to this Order, such attachment shall automatically expire 60 days thereafter unless plaintiff advises the Court by letter within that time of the particulars of such attachment and either confirms that it has commenced proceedings or arbitration on the merits of the claims underlying the attachment or shows good cause why it has not done so; and it is further,

**ORDERED**, that upon expiration or vacatur of this Order by reason of the two preceding paragraphs, this Action may be dismissed without prejudice, without costs, and without further notice to any party.

Dated:  August ___, 2009
         Sept 16, 2009

SO ORDERED:

_____
U.S.D.J.

4

## EXHIBIT A

| | |
|---|---|
| JPMorgan Chase Bank NA<br>One Chase Manhattan Plaza<br>New York, NY 10005 | UBS AG<br>299 Park Ave.<br>New York, NY 10017 |
| BNP Paribas<br>787 7th Ave.<br>New York, NY 10019 | Societe Generale<br>Attn.: Andrea Stempel, Esq.<br>1221 Avenue of the Americas<br>New York, NY 10020 |
| American Express Bank Ltd.<br>c/o Zeighner Ellman & Krause, LLP<br>Legal Counsel for Bank of America, N.A.<br>575 Lexington Ave., 10th Floor<br>New York, NY 10022 | Calyon Investment Bank<br>1301 Avenue of the Americas<br>New York, NY |
| Bank of America N.A.<br>c/o Zeighner Ellman & Krause, LLP<br>Legal Counsel for Bank of America, N.A.<br>575 Lexington Ave., 10th Floor<br>New York, NY 10022 | CommerzBank<br>Attn.: Legal Dept.<br>2 World Financial Center<br>New York, NY 10281 |
| Citibank NA<br>Legal Service Intake Unit<br>1 Court Square<br>Long Island City, NY 11120 | ABN Amro Bank<br>Attn.: Legal Dept.<br>55 East 52nd St.<br>New York, NY 10055 |
| Deutsche Bank<br>Attn.: Legal Dept.<br>60 Wall Street<br>New York, NY 10005 | Bank of New York-Mellon<br>Civil Legal Process – 19th Fl.<br>120 Broadway<br>New York, New York |
| HSBC Bank USA<br>Attn.: Legal Dept.<br>452 Fifth Avenue<br>New York, NY | National Bank of Egypt<br>40 East 52nd Street<br>22nd Floor<br>New York, NY 10022 |
| Standard Chartered Bank<br>One Madison Avenue<br>New York, NY 10010 | Credit Agricole<br>1301 Avenue of the Americas<br>New York, NY 10019 |
| RBS Securities Inc.<br>and/or<br>Royal Bank of Scotland Group | |